**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|   |   |
|---|---|
| In re:<br><br>ANGELA B. MICHAUD,<br><br>Debtor | Chapter 13<br>Case No. 14-41538 |

## ORDER

WHEREAS, Angela B. Michaud (the "Debtor") filed a petition under Chapter 13 of the Bankruptcy Code[1] on July 9, 2014 and is represented in this case by attorney Richard Paris ("Attorney Paris"); and

WHEREAS, 11 U.S.C. § 329(a) provides:

Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

and

WHEREAS, Bankruptcy Rule 2016(b) provides in relevant part:

(b) DISCLOSURE OF COMPENSATION PAID OR PROMISED TO ATTORNEY FOR DEBTOR. Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The

---

[1] See 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code" or the "Code"). All statutory references, unless otherwise noted, are to the Bankruptcy Code. All references to procedural rules are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

1

statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

and

WHEREAS, in support of § 329(a) and Bankruptcy Rule 2016(b), the Administrative Office of the United States Courts has promulgated Procedural Form 203 (the "Attorney Disclosure"), which provides, in relevant part:

B 203
(12/94)

United States Bankruptcy Court
_____ District Of _____

**In re**                                                                Case No. _____

**Debtor**                                                              Chapter _____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . $_____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . $_____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

2. The source of the compensation paid to me was:
   ☐ Debtor     ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☐ Debtor     ☐ Other (specify)

2

. . .

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

. . .

and

      WHEREAS on July 14, 2014, Attorney Paris duly filed his Attorney Disclosure; and

      WHEREAS, on August 15, 2014, the Debtor filed the "Debtor's Emergency Motion to Enforce the Automatic Stay and Creditor Misconduct" [sic]; and

      WHEREAS, on October 4, 2014, Attorney Walter Oney ("Attorney Oney") filed an "Appearance" on behalf of the Debtor, ECF No. 40, but did not file an Attorney Disclosure; and

      WHEREAS, on October 6, 2014, the Clerk's Office of this Court issued an Order to Update, ECF No. 41, requiring Attorney Oney to file an Attorney Disclosure; and

      WHEREAS, on October 6, 2014, Attorney Oney responded with a document entitled "Disclosure of Attorney Compensation," ECF No. 42, which stated in full:

      Attorney Oney will be compensated for services in this case by a

combination of payments by Colonial Cooperative Bank, a contingent portion of the proceeds of litigation against Colonial Cooperative Bank, and/or payments from the Chapter 13 Trustee pursuant to an approved fee application and a confirmed plan.

and

WHEREAS, on October 7, 2014, this Court responded to the foregoing "disclosure" as follows:

STRUCK FOR FAILURE TO CONFORM TO OFFICIAL FORM 203. SEE THIS COURT'S ORDER TO UPDATE DATED OCTOBER 6, 2014.

ECF No. 43; and

WHEREAS, on October 7, 2014, Attorney Oney filed an Attorney Disclosure, ECF No. 44, with information written in hand and which provided, in relevant part:

In re

   Angela Michaud　　　　　　　　　　　　　　　　　　　Case No. 14-41538

Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . $ **unknown**

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . $ **0**

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **unknown**

2. The source of the compensation paid to me was:
   ☐ Debtor　　　☐ Other (specify) **N/A**

3. The source of compensation to be paid to me is:

4

        ☐ Debtor        **x** Other (specify) **unknown**

. . .

5. In return for the above-disclosed fee, I have agreed to render legal service for ~~all~~ **discrete** aspects of the bankruptcy case, including:

   a. ~~**Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;**~~

   b. ~~**Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;**~~

   c. ~~**Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;**~~

   d. Representation of the debtor in ~~**adversary proceedings and other**~~ contested bankruptcy matters **[2] Colonial Cooperative Bank**;

   e. [Other provisions as needed]

(emphasis supplied) ( the "Second Disclosure"); and

      WHEREAS, the Court scheduled the Second Disclosure for hearing on November 5, 2014; and

      WHEREAS, at the hearing on the Second Disclosure, the Court informed Attorney Oney that, in the Court's view, the Second Disclosure was insufficient, as it disclosed little or no material terms (i.e. contingency percentage, hourly rate, etc.), and the Court entered the following Order:

> THE [SECOND] DISCLOSURE IS STRUCK AS NON-CONFORMING.  IF AN APPROPRIATE DISCLOSURE IS NOT FILED WITHIN TEN DAYS, ALL COMPENSATION WILL BE DISALLOWED.

ECF No. 58; and

      WHEREAS, on November 10, 2014, Attorney Oney filed a third disclosure (the "Third Disclosure"), ECF No. 62, which provided, in relevant part:

---

[2] The word is illegible.

In re: **Michaud, Angela**                                     Case No. 4:14-bk-41538

                                                                Chapter 13

**AMENDED DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . .$ **0.00**

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ **0.00**

2. The source of the compensation paid to me was: **N/A – counsel's engagement is pursuant to a contingent fee contract, and debtor has not paid any retainer**

3. The source of compensation to be paid to me is: **Contingent share of litigation proceeds by prior agreement between counsel and the debtor, fee award pursuant to § 362(k), and/or client funds under certain circumstances. Disclosure of zero compensation is necessitated by limitations imposed by the court's CM/ECF system, which requires disclosure of a specific dollar amount. Counsel's total compensation is uncertain and dependent on the outcome of pending litigation.**

. . .

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   □ Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   □ Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   □ Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   □ Representation of the debtor in adversary proceedings and other contested

6

bankruptcy matters;

**X  Stay violation litigation involving Colonial Cooperative Bank.**

**X  All matters arising in the main case, to the extent required by SO 2013-2, except that counsel may seek to withdraw if the debtor and counsel are unable to agree on a method for compensating counsel or if the debtor does not pay agreed compensation**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**Services other than litigating stay violation by Colonial Co-Operative Bank, as to which the debtor and counsel will separately agree on a case by case basis.**

(emphasis supplied); and

WHEREAS, the Third Disclosure is insufficient in that it provides no more (and in some respects, less) detail than the previous two disclosures, inasmuch as (a) the contingency is not disclosed and the contingent fee agreement referenced in paragraph 2 is not attached; (b) there is no disclosure of an hourly rate in the event that an hourly compensation agreement will substitute for the contingent fee agreement; and (c) the manner of payment is left in doubt, apparently even as to the Debtor;[3] and

WHEREAS, "the disclosure duties imposed upon attorneys . . . by § 329(a) and Rule 2016(b) exist to allow the Bankruptcy Court to supervise the terms of the financial agreement between a debtor and counsel," and "[c]ounsel's fee revelations must be direct and comprehensive. Coy or *incomplete disclosures . . . are not sufficient*;"[4] and

WHEREAS, the Court views the Second and Third Disclosures as passive-

---

[3] Clearly, there is no obstacle to providing any of this information through the CM/ECF system, as evidenced by the fact that Attorney Oney was able to edit and adapt the Attorney Disclosure to add additional information in his Third Disclosure.

[4] Halbert v. Yousif, 225 B.R. 336, 351 (E.D. Mich. 1998) (emphasis in original) (citing In re Whitman, 51 B.R. 502, 506 (Bankr. D. Mass. 1985)) (quoting In re Saturley, 131 B.R. 509, 517 (Bankr. D. Me. 1991)).

7

aggressive refusals to provide all of the pertinent information required by § 329 and Rule 2016(b);

It is hereby ORDERED that:

1. all compensation otherwise due to Attorney Oney is disallowed;

2. Attorney Oney's appearance on behalf of the Debtor is struck, inasmuch as he has not filed an appropriate Attorney Disclosure;[5]

3. the trial now set for December 4, 2014 is continued generally; and

4. a status conference in this case is scheduled for January 15, 2015 at 11:30 a.m., before this Court sitting in Springfield, Massachusetts, in order to consider the resetting of a trial date.

Dated: December 1, 2014

Henry J. Boroff
United States Bankruptcy Judge

---

[5] Fortunately, Attorney Paris has not withdrawn and remains counsel of record.