UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| In re ) | | Chapter 13 |
|   ANGELA MICHAUD ) | | No. 14-41538-hjb |
|   Debtor ) | | |

EMERGENCY MOTION TO RECONSIDER ORDER STRIKING APPEARANCE

    The Debtor moves this honorable court to reconsider its order (doc. # 76) striking the appearance of Attorney Oney, continuing the trial presently set for December 4 generally, and disallowing compensation for Attorney Oney. Emergency consideration is requested because Attorney Oney believes that Ms. Michaud's interests will be prejudiced by a substitution of counsel or a postponement of the trial.

    Attorney Oney says that he has attempted to disclose the basis of his compensation and representation as fully as he thought was requested. During the colloquy on November 5, mention was made of the existence of a contingent fee agreement and disclosure of an hourly rate, but Attorney Oney does not recall being asked to produce the agreement or to file it with the court. A copy, with an amendment agreed to by Ms. Michaud after the November 5 hearing, is attached.

    Attorney Oney apologizes to the court for appearing to have engaged in "passive-aggressive" behavior. Nothing could be further from his mind—he was frankly baffled. To the extent his disclosures have not met the court's expectations, the fault lies with Attorney Oney's misunderstanding of what the court wanted. In this connection, Attorney Oney says that he has never before been asked to provide a fee disclosure at the beginning of his representation of a bankruptcy debtor in a stay-violation or discharge-violation matter. Neither has he ever been asked to file an engagement letter for a

-2-

litigation matter. In the absence of specific guidelines concerning the disclosure this court wanted, he sincerely did his best.

Dated: December 1, 2014

                                  ANGELA MICHAUD, by her attorney

                                  /s/ Walter Oney
Walter Oney (BBO # 379795)
267 Pearl Hill Road
Fitchburg, MA 01420
Tel.: 978-343-3390
Fax: 978-343-3397

-3-

## CERTIFICATE OF SERVICE

I state on information and belief that the court will transmit a Notice of Electronic Filing relative to this document electronically to the persons and parties listed below as being served electronically and that such transmittal will, pursuant to Electronic Filing Rule 9(a), constitute service hereof on such persons and parties. I certify that I served this document on the persons and parties listed below as being served by mail by mailing a copy of this document, including this Certificate of Service, via prepaid first-class mail to the indicated address.

**Persons and Parties served electronically:**

Richard A. Cella     richardacella@comcast.net
Richard King     USTPRegion01.WO.ECF@USDOJ.GOV
Denise M. Pappalardo     denisepappalardo@ch13worc.com, paper@mab.uscourts.gov
Richard S. Paris     rparis.bankruptcy@verizon.net
Joseph H. Reinhardt, J.D.     jhreinhardtjd@cox.net

**Persons and Parties served by mail:**

(None)

Dated: December 1, 2014

                                                                  /s/ Walter Oney

# ONEY LAW OFFICE

ATTORNEYS AT LAW

267 PEARL HILL ROAD
FITCHBURG, MA 01420

TEL: 978-343-3390
FAX: 978-343-3397
WWW.ONEYLAW.COM

October 4, 2014

Angela Michaud
26 Walnut St.
Winchendon, MA 01475

Dear Angela:

This letter confirms that you have retained me to represent you in connection with the evidentiary hearing presently set for November 20, 2014 in your bankruptcy case. The scope of the representation will include preparing for the hearing and representing you at the hearing or any continuation or postponement thereof, not including any appeals. At this time, you have not retained me in any other matter.

I have agreed to represent you on a contingent fee basis. The contingency upon which compensation is to be paid is recovery by judgment or settlement of money or property, including an agreement to cancel or reduce any debt, having an aggregate value greater than $900 [handwritten]. My compensation shall be the larger of any award of attorneys fees ordered to be paid by another party or one-third of the net amount I recover for you, after deduction of court costs or expenses of litigation and any amount denominated as attorney fees. I shall have a lien on any recovery to the extent of the agreed fee.

Since my compensation depends on the amount I recover on your behalf, you agree that I may reject on your behalf any settlement offer that would result in an unreasonably low fee given the complexity of your case and the effort expended unless you are willing and able to pay me a reasonable fee out of the proceeds of the settlement and other resources. You also agree not to discuss settlement of your claims directly with anyone and to refer to me all attempts to directly discuss your case.

You are not liable to pay compensation or court costs and expenses of litigation otherwise than from amounts that I collect for you. Should you discharge me prior to conclusion of a matter within the scope of my representation, or should I withdraw for cause, I am nonetheless entitled to recover from you the reasonable value of the services actually rendered in connection with that matter. I currently bill at an hourly rate of $350 for my time, including travel to and from court and at an hourly rate of $75 for paralegal and support services. My rates are subject to periodic increases.

Unless I hear from you otherwise, I will send all notices and other information regarding this matter to the above address. Please let me know if you would like to change the address to which I should send notices and information.

Should you fail to cooperate in the handling of this matter, I will seek to withdraw from representing you. You may request that I withdraw at any time.

Except as to signed bankruptcy papers, I will retain your legal files for a period of one year after your case is closed. At the expiration of the one-year period, I will destroy these files unless you notify me in writing that you wish to take possession of them. I reserve the right to charge administrative fees and costs associated with researching, retrieving, copying, and delivering such files. As to signed bankruptcy papers, I will retain the original document for whatever minimum period court rules mandate. At the present time, the Massachusetts Bankruptcy Court requires me to retain possession of signed bankruptcy papers for a minimum of five years.

If at any time during my representation, you should have any questions, please feel free to call me or e-mail at Walter.Oney@oneylaw.com. Please indicate your agreement to these terms in the space indicated below. I look forward to working with you.

Sincerely yours,

Walter Oney

Approved by:

_____
Angela Michaud

# Walter Oney

| | |
|---|---|
| **From:** | "Angela Beauvais Michaud" <whalomgirl@yahoo.com> |
| **To:** | "Walter Oney" <Walter.Oney@oneylaw.com> |
| **Sent:** | Sunday, November 09, 2014 3:14 PM |
| **Attach:** | ATT01520.htm |
| **Subject:** | RE: Revised trial memorandum, fee disclosure |

Dear Mr. Oney,

I approve an amendment of our October
4, 2014 contract to add the following paragraph: 'My engagement shall also
encompass all matters arising in your bankruptcy case to the extent required
by Standing Order 2013-02 of the Massachusetts Bankruptcy Court. As to such
matters, we will separately negotiate an
arrangement for compensation.



Angela Beauvais Michaud
Angie.Michaud@yahoo.com

Sent on a Virgin Mobile Samsung Galaxy S® 5


-------- Original message --------
From: Walter Oney <Walter.Oney@oneylaw.com>
Date:11/09/2014  9:31 AM  (GMT-05:00)
To: Angela Beauvais Michaud <whalomgirl@yahoo.com>
Cc:
Subject: Revised trial memorandum, fee disclosure

THIS E-MAIL CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO ATTORNEY-CLIENT
PRIVILEGE. If you are not the addressee, kindly reply to the message with a
note to that effect, and then delete it AND empty your trash or Deleted
Items folder to be sure it has been erased from your computer.

Hi Angela:

I'm enclosing a revised disclosure of compensation that I must file or face
denial of all compensation in your case. Before I can file this, I need your
affirmative assent to this statement: "I approve an amendment of our October
4, 2014 contract to add the following paragraph: 'My engagement shall also
encompass all matters arising in your bankruptcy case to the extent required
by Standing Order 2013-02 of the Massachusetts Bankruptcy Court. As to such
matters, we will separately negotiate an
arrangement for compensation.'"

In addition, I thought you might be interested in the attached second draft
of a trial memorandum, to which I've added a discussion of the legal
principles involved in your case. This memo will be revised after trial to

reflect the actual evidence and to include references to the trial transcript, but I prepare documents like this ahead of time so that I know which facts will need to be proven at trial.

Can you tell me the current living arrangement for your two oldest daughters? You'll note that I've left that uncertain so far.

--
Walter Oney, Esq.
101 Arch St. 9th Fl.; Boston, MA 02110
267 Pearl Hill Road; Fitchburg, MA 01420
Tel.: 978-343-3390
http://www.oneylaw.com