UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| In re ) | | Chapter 13 |
|   ANGELA MICHAUD ) | | No. 14-41538-hjb |
|   Debtor ) | | |

RENEWED AND LIMITED EMERGENCY MOTION TO RECONSIDER ORDER
STRIKING APPEARANCE

    The Debtor moves this honorable court to reconsider ONLY SO MUCH OF its order of December 1 (doc. # 76) as strikes the appearance of Attorney Oney and continues the trial presently set for December 4 generally. Emergency consideration is requested for the reasons stated in the statement of facts that follows.

FACTS

    1.  The Debtor desires Attorney Oney to continue representing her and desires a speedy trial.[1]

    2.  Attorney Oney is willing to represent the Debtor in the pending trial without promise of compensation, although he hopes to be reimbursed for out-of-pocket expenses and may decide to appeal from the remainder of the court's order of December 1. He says that his paramount interest is securing justice for the Debtor, in accordance with his belief in the function of lawyers in our society.

    3.  The parties were on the verge of filing a joint pretrial statement when the court entered the order. A witness has been subpoenaed, and other witnesses have been prepared. Exhibits have been assembled. The parties are ready for trial.

---

[1] The Debtor created the attached document and e-mailed to Attorney Oney. She intended to fax the letter directly to the court overnight, but she was unable to find a fax machine.

4. The trial evidence will show that (a) the Debtor has been treated, and continues to be treated, for major depression disorder; (b) her symptoms became worse in the aftermath of the July 9 foreclosure sale and subsequent 40-day lockout; (c) she sought emergency room care for depression on July 28, 2014; (d) she signed herself into Anna Jaques Hospital for treatment of depression about three weeks ago; and (e) she received one week of inpatient care and two weeks of outpatient care, and she was unable to work during the three weeks ending November 27.

5. In the lay opinion of her counsel, continued delay in the resolution of her claims against Colonial Co-Operative Bank is likely to exacerbate her depression and cause further stress on her five minor children.

## DISCUSSION

Rule 60 allows a court to relieve a party from a final order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see* Fed. R. Bankr. P. 9024 (making Rule 60 applicable under the Bankruptcy Code in some situations). The rule "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 615 (1949). The Debtor's desire for a speedy trial at which Attorney Oney would continue to represent her, coupled with the possibility of continuing harm to her mental health should the trial be delayed, justify extraordinary relief.

## RELIEF REQUESTED

WHEREFORE the court should vacate so much of its December 1 order as strikes Attorney Oney's appearance and indefinitely postpones the trial on the Debtor's motion

-3-

for sanctions against Colonial Co-Operative Bank, and it should schedule the trial to occur as soon as may be.

Dated: December 2, 2014

        ANGELA MICHAUD, by her attorney

        /s/ Walter Oney
        Walter Oney (BBO # 379795)
        267 Pearl Hill Road
        Fitchburg, MA 01420
        Tel.: 978-343-3390
        Fax: 978-343-3397

## CERTIFICATE OF SERVICE

I state on information and belief that the court will transmit a Notice of Electronic Filing relative to this document electronically to the persons and parties listed below as being served electronically and that such transmittal will, pursuant to Electronic Filing Rule 9(a), constitute service hereof on such persons and parties. I certify that I served this document on the persons and parties listed below as being served by mail by mailing a copy of this document, including this Certificate of Service, via prepaid first-class mail to the indicated address.

**Persons and Parties served electronically:**

Richard A. Cella    richardacella@comcast.net
Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
Denise M. Pappalardo    denisepappalardo@ch13worc.com, paper@mab.uscourts.gov
Richard S. Paris    rparis.bankruptcy@verizon.net
Joseph H. Reinhardt, J.D.    jhreinhardtjd@cox.net

**Persons and Parties served by mail:**

(None)

Dated: December 2, 2014

/s/ Walter Oney

Angela Beauvais Michaud
26 Walnut St
Winchendon, Ma 01475
December 1, 2014


Judge Henry Boroff
United States Bankruptcy Court
Central Division
Springfield, Ma


Dear Judge Boroff:

I have just received notice that Attorney Walter Oney's appearance on my behalf in Case BK 14-41538 has been struck for failure to provide appropriate Attorney Disclosure. I cannot begin to tell you how disheartening this news is to me. From the beginning of this foreclosure process, through the auction, the lock-out from my home, the initial court and trustee meetings, I have felt so hopeless, anxious, and desperate. It wasn't until hiring Attorney Oney that I began to see a light at the end of the tunnel. Not the kind of light that comes from lawyers who make big claims or empty promises, but just the kind that comes from having an attorney that you feel you can trust, who returns your calls, and who treats you like a person, instead of a number. He has worked diligently on my case for two months, and I have anxiously awaited my trial date this Thursday, December 4, only to find out now that it will be continued, and that the only person who has worked hard for me, and whom I trust cannot be in my corner. If I have to face the attorney who violated my rights by auctioning my home and locking my family out for forty days by myself, or with an attorney who is unprepared or not of my choosing, it will not be fair. I chose Walter Oney, and he has done a fine job. Please reconsider your decision in this matter, Your Honor. This request comes from me, not my attorney.

Of further and equally pressing concern to me is the continuance of the trial set for December 4th. This continuance serves only to continue the stress and hardship placed on my family, especially over the holidays, when what we really need at this time is closure in this matter. I am prepared for trial, and I believe that Colonial Co-Op and it's attorneys are also ready. Please allow this hearing to take place, as scheduled, and allow me and my family the peace that will come only when this matter has finally reached it's conclusion.

Thank you very much for you time and consideration in this matter.


Sincerely,

Angela Michaud